**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JESUS REYES and MARIA MAGDALENA REYES, Individually And on Behalf of Others Similarly Situated, Plaintiffs, | § | |
| V. | § | CIVIL ACTION NO. 4:21-cv-3237 |
| SUSHIL K. SAH, SUNIL SAH, ANITA SAH, 2017 DIAMOND JUBILEE, LLC, d/b/a LA MINI MIX, ADITYA NARAYAN, INC., and DIXIE WAY, LLC, Defendants. | § | JURY DEMANDED |

**PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT**

**Summary of Lawsuit**

Defendants Sushil K. Sah, Sunil Sah, and Anita Sah (collectively, "Sahs"), through their companies, 2017 Diamond Jubilee, LLC, d/b/a La Mini Mix, Aditya Narayan, Inc., and Dixie Way, LLC (collectively, "Companies") have a business plan that includes paying non-exempt hourly employees the same hourly rate for all hours worked, even those hours in excess of 40 per workweek. Defendants' illegal failure to pay the overtime premium required by law not only deprives workers of their lawful wages, but also allows Defendants to gain an unfair advantage over competitors who follow the law in their employment practices. Sushil Sah hired Jesus Reyes and Maria Magdalena Reyes ("Plaintiffs") as hourly employees. Plaintiffs both regularly worked more than forty hours per week. However, Defendants did not pay overtime to Plaintiffs or to similarly situated employees. Plaintiffs bring this lawsuit against Defendants to recover unpaid overtime as required by the Fair Labor Standards Act ("FLSA").

**Facts Supporting Relief**

**Allegations Related to Plaintiffs' and Co-Workers' Claims**

1. Plaintiffs worked for the Sahs in a gas station/convenience store owned by their company 2017 Diamond Jubilee, LLC, d/b/a La Mini Mix ("Diamond"), as cooks for a period of time exceeding 3 years, until August 29, 2021. Plaintiffs' duties included, but were not limited to, cutting and cooking meat, making salsa and pico de gallo, cooking food for customers, and serving customers.

2. During the time they worked for the Sahs and Diamond, Plaintiffs regularly worked in excess of 40 hours per week.

3. The Sahs and Diamond paid Plaintiffs in cash on an hourly basis. Defendants did not pay an overtime premium for any of the hours the Plaintiffs worked in excess of 40 in a workweek. Instead, Defendants paid Plaintiffs the same hourly rate for all the hours they worked ("straight time").

4. Plaintiffs worked with other similarly situated individuals who were also paid on an hourly basis to work at the Sahs' convenience stores. The Sahs similarly did not pay these individuals overtime pay for hours they worked in excess of 40 per workweek. Instead, the Defendants paid these other individuals straight time for all hours that they worked over 40 in a workweek.

**Allegations Regarding FLSA Coverage**

5. The Sahs are individuals in the same family who together own several companies that own and run convenience stores in the Houston, Texas area. Each of these Defendant companies, and by extension, their owner and control persons, the Sahs, are covered by and subject to the overtime requirements of the FLSA.

6. During each of the three years prior to this complaint being filed, Defendants were all enterprises engaged in interstate commerce, purchasing materials through commerce, ordering goods and materials through commerce and on the interstate highways, conducting transactions through commerce, including but not limited to the use of credit cards, phones and/or cell phones, electronic mail, and the Internet.

7. During each of the three years prior to this complaint being filed, each Defendant regularly owned and operated business(es) engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

8. During each of the three years prior to this complaint being filed, each Defendant conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

9. During each of the three years prior to this complaint being filed, each Defendant's employees used, sold, or handled goods, tools, equipment or materials that traveled in interstate commerce; that is, goods, tools, equipment or materials that were grown, processed, made or manufactured outside the state of Texas.

**Plaintiffs' Claims**

10. The Defendants were legally required to pay Plaintiffs and other hourly employees of Defendants ("Similarly Situated Workers") one and-a-half times their regular hourly rate of pay for all hours that these individuals worked for Defendants in excess of 40 in any workweek.

11. Plaintiffs worked over 40 hours in most of the workweeks that they worked for the Sahs and Diamond.

12. Similarly Situated Workers worked over 40 hours in many workweeks that they

worked for Defendants.

13. Defendants did not pay the Plaintiffs time-and-a-half for any of the overtime hours that they worked for the Defendants. Defendants' underpayment of the Plaintiffs, often referred to as "wage theft," allowed Defendants to gain an unfair advantage in the marketplace as compared to other convenience stores that pay their employees all of the money required by law.

14. The Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to Plaintiffs and Similarly Situated Workers. Such practice was and continues to be with regard to the Similarly Situated Workers, a clear violation of the FLSA.

15. Sushil Sah, Sunil Sah, and Anita Sah are owners and control persons of the Companies. The Sahs controlled all of the decisions regarding hiring, firing, means and method of compensation of employees. These are all entities that are in the same business (convenience stores), use common suppliers, have common supervisory personnel that are over multiple corporate locations, and are run as one business. The Sahs and the Companies are all joint employers of Plaintiffs and all of the Similarly Situated Workers.

## Cause of Action

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

16. Defendants violated the FLSA by failing to pay the Plaintiffs overtime pay for hours worked over 40 per workweek.

17. Plaintiffs have suffered damages as a direct result of Defendants' illegal actions.

18. Defendants are liable to Plaintiffs for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA.

19. Defendants pay all of their hourly workers in cash and on a straight-time basis (that is, no payment of overtime), don't deduct payroll taxes from the pay, and don't pay employer-side payroll taxes or unemployment taxes, in the same way that they don't pay their workers overtime pay. Defendants are fully aware of their obligations to withhold and pay taxes and their obligation to pay overtime yet have for years continued to knowingly violate the FLSA's requirements. This means that the claims of the Plaintiffs and the Similarly Situated Workers as described below should be subject to a three-year statute of limitations rather than two.

## Collective Action Allegations

20. The Defendants' failure to pay their employees as required by the FLSA resulted from a generally applicable policy that does not depend on the personal circumstances of the Similarly Situated Workers; that is, paying convenience store workers on an hourly basis and not paying them overtime. This generally applicable policy is prohibited by the FLSA. Thus, Plaintiffs' experiences are typical of the experiences of the Similarly Situated Workers.

21. The Similarly Situated Workers to whom notice should be sent are properly defined as:

> **All individuals working for Defendants Sushil K. Sah, Sunil Sah, Anita Sah, 2017 Diamond Jubilee, LLC, Aditya Narayan, Inc., and/or Dixie Way, LLC as hourly workers during the three-year period preceding the filing of this Complaint.**

22. The Court should order the Defendants to provide contact information for all Similarly Situated Workers to Plaintiff's counsel and allow them to send notice to all Similarly Situated Workers so that those individuals have an opportunity to proceed collectively in this matter as allowed by the FLSA.

**Defendants, Jurisdiction, and Venue**

23.     Defendant Sushil K. Sah is an individual who is an owner and control person of all of the companies sued herein, is a joint employer with those entities and the other individuals sued herein and is an "employer" as defined by the FLSA of Plaintiffs and the Similarly Situated Workers.  Sushil K. Sah may be served at 12510 Ramla Place Trail, Houston, Texas 77089, or wherever he may be found.

24.     Defendant Sunil Sah is an individual who is an owner and control person of all of the companies sued herein, is a joint employer with those entities and the other individuals sued herein and is an "employer" as defined by the FLSA of Plaintiffs and the Similarly Situated Workers.  Sunil Sah may be served at 12510 Ramla Place Trail, Houston, Texas 77089, or wherever he may be found.

25.     Defendant Anita Sah is an individual who is an owner and control person of all of the companies sued herein, is a joint employer with those entities and the other individuals sued herein and is an "employer" as defined by the FLSA of Plaintiffs and the Similarly Situated Workers.  Anita Sah may be served at 12510 Ramla Place Trail, Houston, Texas 77089, or wherever she may be found.

26.     Defendant 2017 Diamond Jubilee, LLC is a Texas limited liability company that may be served with process through its registered agent Anita Sah at 12510 Ramla Place Trail, Houston, Texas 77089, or wherever she may be found.

27.     Defendant Aditya Narayan, Inc. is a Texas corporation that may be served with process through its registered agent Sunil Sah at 12510 Ramla Place Trail, Houston, Texas 77089, or wherever he may be found.

28. Defendant Dixie Way, LLC is a Texas limited liability company that may be served with process through its registered agent Sushil K. Sah at 12510 Ramla Place Trail, Houston, Texas 77089, or wherever he may be found.

29. This Court has federal question jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants and Plaintiffs transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

## **Demand for Jury**

30. Plaintiffs demand a trial by jury.

## **Prayer for Relief**

WHEREFORE, Plaintiffs and all employees similarly situated who join in this action demand:

1. Issuance of notice as soon as possible to all persons who are/were employed by and paid on an hourly basis by any Defendant during the three-year period immediately preceding the filing of this Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit to proceed collectively if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2. Judgment against Defendants for an amount equal to Plaintiffs' and the Similarly Situated Workers' unpaid overtime wages at the applicable rate;
3. An equal amount to the overtime wage damages as liquidated damages;
4. Judgment against Defendants that their violations of the FLSA were willful;
5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
6. All costs and attorney's fees incurred prosecuting these claims;
7. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;
8. Leave to amend to add claims under applicable state laws; and
9. For such further relief as the Court deems just and equitable.

8

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY-IN-CHARGE FOR PLAINTIFFS**